# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DEMETRIC QUINN WILLIAMS,

        Plaintiff,

    v.

STATE OF ALASKA,

        Defendant.

Case No. 3:24-cv-00015-SLG

## ORDER OF DISMISSAL

On January 9, 2024, Demetric Quinn Williams ("Plaintiff"), a self-represented pretrial detainee at Goose Creek Correctional Center in the custody of the State of Alaska Department of Corrections ("DOC"), filed a civil complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff has filed an action under 42 U.S.C. § 1983 ("Section 1983") alleging the State has denied Plaintiff his right to a speedy trial.[2] For relief, Plaintiff seeks dismissal of the pending state criminal charges against him and an unspecified amount of monetary compensation for his "wrongful imprisonment from 2020 to 2024."[3] The

---

[1] Dockets 1–3.

[2] Docket 1 at 4.

[3] Docket 1 at 4.

Court takes judicial notice[4] of Mr. Williams' ongoing criminal case, *State of Alaska vs. Williams,* Case No. 3AN-19-05698CR.[5]

On July 8, 2024, the Court sent Plaintiff a Notice of Electronic Filing informing Plaintiff that his case had been reassigned to the District Judge Sharon L. Gleason for all future proceedings.[6] The Notice was returned to the Court as undeliverable on July 17, 2024.[7] Plaintiff has not contacted the Court since he filed this case, and according to the publicly available information provided by the Alaska Department of Corrections ("DOC") through the Victim Information and Notification Everyday (VINE) service, Plaintiff has been released from custody and is now under pretrial supervision.[8]

The Court has now screened the Complaint and determined Plaintiff has failed to state a cognizable civil rights claim upon which relief could be granted. Therefore, the Complaint must be dismissed. Because the Court finds amendment

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *See also* Fed. R. Evid. 201*; Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] The docket records for the Alaska Trial Court and Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] Docket 8.

[7] Docket 9.

[8] The Alaska Department of Corrections provides information regarding inmate's current location and tentative release date through the Victim Information and Notification Everyday (VINE) service at www.vinelink.com.

Case No. 3:24-cv-00015-SLG, *Williams v. State of Alaska*
Order of Dismissal
Page 2 of 6

would be futile at this time—and because Plaintiff has not updated the Court with his current address—Plaintiff is not granted leave to file an amended complaint. However, this case is dismissed without prejudice to preserve Plaintiff's ability to seek future relief if and when appropriate.

## SCREENING REQUIREMENT

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[9] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[10]

In conducting its screening review, a district court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[11] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12]

---

[9] 28 U.S.C. §§ 1915, 1915A.

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[12] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*,

Case No. 3:24-cv-00015-SLG, *Williams v. State of Alaska*
Order of Dismissal
Page 3 of 6
Case 3:24-cv-00015-SLG   Document 7   Filed 08/02/24   Page 3 of 6

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## DISCUSSION

### I. Civil Rights versus Writ of Habeas Corpus

Federal law opens two main avenues to potential relief for complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[14] If a prisoner or pretrial detainee seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus.[15] To recover monetary damages for an allegedly unconstitutional imprisonment, a plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[16]

Because Plaintiff has pending criminal charges in the state court, he does not have a cognizable civil rights claim for wrongful imprisonment at this time.

---

845 F.2d 193, 195 (9th Cir. 1988)).

[13] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[14] See *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[15] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005) (characterizing the Supreme Court's precedents as holding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

[16] *Heck,* 512 U.S. at 486-487.

Case No. 3:24-cv-00015-SLG, *Williams v. State of Alaska*
Order of Dismissal
Page 4 of 6
Case 3:24-cv-00015-SLG   Document 7   Filed 08/02/24   Page 4 of 6

Rather, any claims challenging pretrial detention are more appropriately pursued through a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) ("Section 2241").[17] However, "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."[18] A "habeas court has the power to release a prisoner but has no other power."[19] A challenge to pretrial detention becomes moot once the petitioner is no longer detained.[20] Because it appears that Plaintiff has been released from custody into pretrial supervision pending the outcome of his criminal prosecution in state court, he may not bring a Section 2241 claim. For these reasons, Plaintiff may not pursue either a civil rights claim for wrongful imprisonment or a Section 2241 petition at this time. Therefore, the Court finds amendment would be futile.

## II. Plaintiff Failed to Update the Court with his Current Contact Information

The Local Civil Rules require parties to provide current contact information to the Court and all parties.[21] The Court may dismiss an action for failure to comply

---

[17] *See Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004).

[18] *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973).

[19] *Douglas v. Jacquez,* 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).

[20] *See Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990); *James v. Reese*, 546 F.2d 325, 328 (9th Cir. 1976) (per curiam).

[21] *See* Local Civil Rule 11.1(b)(2) (requiring self-represented parties to keep the court and other parties advised of the party's current address and telephone number") and Rule 11.1(b)(3) (authorizing dismissal of a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

Case No. 3:24-cv-00015-SLG, *Williams v. State of Alaska*
Order of Dismissal
Page 5 of 6
Case 3:24-cv-00015-SLG   Document 7   Filed 08/02/24   Page 5 of 6

with a local rule.[22] Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[23] Dismissal is appropriate "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal."[24] Having considered these factors, this case must be dismissed, as no less drastic alternative is feasible. However, so as to preserve Plaintiff's ability to seek future relief, the Court finds that dismissal without prejudice is appropriate in this case.[25]

**IT IS THEREFORE ORDERED:**

1. This case is **DIMISSED without prejudice.**

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment.

DATED this 2nd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986). *See also* Federal Rule of Civil Procedure 41(b).

[23] *Ferdik,* 963 at 1260-61 (citations omitted).

[24] *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998).

[25] *See, e.g., Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted)).

Case No. 3:24-cv-00015-SLG, *Williams v. State of Alaska*
Order of Dismissal
Page 6 of 6
Case 3:24-cv-00015-SLG   Document 7   Filed 08/02/24   Page 6 of 6